DANIEL LEE DIXON,

        Petitioner,

  v.

BUREAU OF PRISONS,

        Respondent.

Case No. 25-cv-815-pp

---

DANIEL LEE DIXON,

        Petitioner,

  v.

BUREAU OF PRISONS,

        Respondent.

Case No. 25-cv-883-pp

---

**ORDER REQUIRING PETITIONER TO PAY FILING FEE OR FILE MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYIING FILING FEE IN CASE NO. 25-CV-815; DISMISSING CASE NO. 25-CV-883 AS DUPLICATIVE; DENYING WITHOUT PREJUDICE PETITIONER'S MOTIONS TO APPOINT COUNSEL (CASE NO. 25-CV-815, DKT. NOS. 12, 16; CASE NO. 25-CV-883, DKT. NO. 2); DENYING WITHOUT PREJUDICE PETITIONER'S "SHOW CAUSE" MOTION (CASE NO. 25-CV-815, DKT. NO. 16); AND DENYING PETITIONER'S MOTION FOR RECOMMENDATION FOR TRANSFER (CASE NO. 25-CV-883, DKT. NO. 2)**

---

## I.    Background

On March 21, 2025, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241 in the District of Idaho, challenging the execution and duration of his sentence. Case No. 25-cv-815, Dkt. No. 1. The

1

petitioner had been sentenced in Idaho and was incarcerated in Idaho. But on June 6, 2025, at the petitioner's request, the district judge in Idaho transferred the case to this district, id., dkt. no. 5, and the Clerk of Court in this district instructed the petitioner to either pay the full filing fee or to file a petition for leave to proceed without prepaying the filing fee, id., dkt. no. 7. The petitioner since has filed three amended petitions (without seeking leave of the court), id., dkt. nos. 10, 11, 15, and motions asking the court to calculate his credits under the First Step Act, expedite his release, id., dkt. no. 12, and appoint counsel to represent him, id., dkt. no. 16.

On June 20, 2025, while incarcerated at FCI Oxford in Oxford, Wisconsin, the petitioner filed in this district a second petition for writ of *habeas corpus* under 28 U.S.C. §2241, similarly challenging the execution of his sentence but also challenging the conditions of his confinement. Case No. 25-cv-883, Dkt. Nos. 1, 1-2. The petitioner filed a combined motion to appoint counsel and motion requesting a recommendation to the Bureau of Prisons that he be transferred to Grand Prairie or some other "non-active" facility. Id., Dkt. No. 2. He currently is incarcerated at FCI McKean in Bradford, Pennsylvania.

On June 23, 2025, the Clerk of Court instructed the petitioner either to pay the full filing fee or to file a request for leave to proceed without prepaying the filing fee. Id., Dkt. No. 3. The court has not received from the petitioner either the filing fee or a motion for leave to proceed without prepaying that fee—in either case.

2

## II. Filing Fee

There is a statutory filing of $5 to file an application for *habeas* review in federal court. 28 U.S.C. §1914(a). Under 28 U.S.C. §1915(a)(1), the court may authorize a person to file a *habeas* petition without prepaying the fee if that person files an affidavit attesting that he's unable to pay and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." A petitioner must also give the court a certified copy of his prison trust account statement for the six-month period immediately preceding the date on which he filed the petition. 28 U.S.C. § 1915(a)(2). The petitioner has not paid the filing fee in this case, or filed an application to proceed without prepaying it, or provided the court with his six-month trust account statement, even though the clerk's office has sent him letters reminding him what he must do.

The court will give the petitioner one, final opportunity to either pay the filing fee or file a motion for leave to proceed without prepaying the fee; if the petitioner chooses to file a motion to proceed without prepaying the filing fee, he must include with that motion a copy of his six-month certified trust account statement. If, by the deadline the court sets below, the court does not receive either the fee or a motion to proceed without prepaying it, the court will dismiss Case No. 25-cv-815.

As the court will explain below, the court is dismissing Case No. 25-cv-883 without prejudice.

3

**III.     §2241 Relief**

The petitioner filed two §2241 petitions; technically, that means he owes two filing fees, but it appears that he filed the second case because the court had not ruled in the first case. Both cases challenge the execution and duration of his sentence; both cases allege due process violations and false imprisonment based on his allegations that he has been held past his release date; and both cases challenge the loss of good time credits in disciplinary proceedings. Compare Case No. 25-cv-815, Dkt. Nos. 1, 10, 11, 15 with Case No. 25-cv-883, Dkt. No. 1. The petitioner also has included allegations of deliberate indifference to his medical needs and allegations regarding the conditions of confinement.

The petitioner does not need two §2241 petitions challenging the execution and/or duration of his sentence. The court will dismiss the second case without prejudice and will give the petitioner an opportunity to pay the full, $5 filing fee in the first case (or to file an application for leave to proceed without prepaying the fee and a trust account statement). If the court receives either the filing fee or an application for leave to proceed without prepaying it (along with the trust account statement), the court will allow the petitioner to file **one** amended petition in Case No. 25-cv-815, using the court's standard form; the petitioner must include all of his allegations about the execution of his sentence in that one amended petition.

The petitioner should be aware that §2241 is available to challenge the execution, including the duration, of his sentence. 28 U.S.C. §2241; Hill v.

4

Werlinger, 695 F.3d 644, 645 (7th Cir.2012) (citing Walker v. O'Brien, 216 F.3d 626, 629 (7th Cir. 2000)). It is not an appropriate avenue for challenging the conditions of his confinement. Robinson v. Sherrod, 631 F.3d 839, 840 (7th Cir. 2011) (holding that §2241 petition cannot be used to challenge conditions of confinement). To the extent that the petitioner believes that federal officials have violated the Eighth Amendment by showing deliberate indifference to his serious medical needs, he must bring those claims in a civil rights lawsuit. Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991); Glaus v. Anderson, 408 F.3d 382, 386 (7th Cir. 2005). Because the petitioner is a federal prisoner, he may bring any civil rights challenge under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Glaus, 408 F.3d at 382 (explaining that Bivens is the federal equivalent of 28 U.S.C. §1983). And the only valid contexts for constitutional claims against federal officers are those previously recognized by the Supreme Court. See Ziglar v. Abbasi, 137 S. Ct. 1843 (2017).

Rather than recharacterizing the second petition as a Bivens action, the court will dismiss the second petition, because there are numerous disadvantages associated with recharacterizing a *habeas* petition as a civil lawsuit. See Robinson, 631 F.3d at 841 (recommending that district courts not recharacterize a *habeas corpus* petition as a civil rights complaint because they different in many respects—"such as the proper defendant, filing fees, the means of collecting them, and restrictions on future filings . . . .").

## IV. Motions to Appoint Counsel (Case No. 25-cv-815, Dkt. Nos. 12, 16; Case No. 25-cv-883, Dkt. No. 1)

In each case, the petitioner has filed motions to appoint counsel. The Seventh Circuit has held that although "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding," the district court "may appoint counsel if 'the interests of justice so require.'" Taylor v. Knight, 223 F. App'x 503, 504 (7th Cir. 2007) (citations omitted) (quoting 18 U.S.C. §3006A(a)(2)(B)). The petitioner should be aware that when evaluating a motion to appoint counsel, the district court engages in a two-step process. Giles v. Godinez, 914 F.3d 1040, 1052 (7th Cir. 2019). First, the court determines whether the plaintiff "made a reasonable attempt to secure counsel on his own." Id. at 1053 (citing Navejar v. Iyiola, 718 F.3d 692, 696 (7th Cir. 2013)). Second, the court determines "whether the difficulty of the case—factually and legally—exceeds the plaintiff's capacity as a lay person to coherently present it." Pruitt v. Mote, 507 F.3d 647, 655 (7th Cir. 2007).

To satisfy the first step, the court usually requires a petitioner to show that he has contacted at least three lawyers to establish that he made a reasonable attempt to hire counsel on his own. He must provide the court with (1) the lawyers' names, (2) their addresses, (3) how and when the petitioner attempted to contact the lawyer and (4) the lawyers' responses.

The petitioner has not satisfied the threshold requirement for appointment of counsel because he has not shown the court that he has attempted to find counsel on his own. The court will deny without prejudice the petitioner's motions to appoint counsel. That means that if and when the

6

Case 2:25-cv-00815-PP    Filed 12/19/25    Page 6 of 10    Document 19

petitioner has (1) paid the filing fee (or filed a motion for leave to proceed without prepaying the filing fee and his six-month certified trust account statement), (2) filed an amended petition and (3) provided the court with proof that he has made a reasonable attempt to find someone to represent him, he may file another motion asking the court to appoint him a lawyer. That does not mean that the court will grant that motion; it means only that he may file another motion once he has done what the court requires.

**V.     Motion to Properly Calculate FSA, Motion to Expedite Supervised Release (Case No. 25-cv-815, Dkt. No. 12)**

In Case No. 25-cv-815, the petitioner filed a "show cause motion" asking the court to properly calculate his First Step Act credits and expedite his supervised release. Dkt. No. 12 at 1. He alleges that the Bureau of Prisons "refused to give credit for time served" and "started crediting Petition w/ FSA. 5 months late." Id. He asserts that he has "graduated multiple FSA classes" but was denied supervised release. Id. at 1-2. Pages two through five of the motion track the allegations in his petitions and ask for discovery regarding all documents related to his release and retaliation. Id. at 6-7. He asks the court to expunge "all shots" before and after his alleged release date in February of 2025. Id. at 7. In his prayer for relief, he asks the court to properly calculate his FSA, restore all good time credits, appoint counsel, compel the BOP to turn over documents related to his claims and give him credit for time served. Id. at 9.

The petitioner's motion is both unnecessary and premature. To the extent that he is requesting relief that is available to him under 28 U.S.C.

7

§2241, he first pay the filing fee (or file a motion for leave to proceed without prepaying the fee and his six-month certified trust account statement), file an amended petition and wait for the court to screen his petition to determine which, if any, of his claims can proceed under 28 U.S.C. §2241. If the court concludes that petitioner can proceed on any of his claims, the court will order the respondent to answer the petition and the respondent will file all relevant documents. The court then will set a schedule for the parties to brief the issues and the court will rule on the petitioner's requests.

The court will deny without prejudice the petitioner's separate motion to grant the relief requested in his petition and for the production of documents related to all of his claims.

**VI. Motion for Recommendation to Transfer Petitioner (Case No. 25-cv-883, Dkt. No. 2)**

In Case No. 25-cv-883, the petitioner has filed a combined motion to appoint counsel (discussed above) and for the court to recommend to the BOP that he be transferred to Grand Prairie, Texas[1] or "another non-active low." Case No. 25-cv-883, Dkt. No. 2 at 2. The court does not have the authority to grant this motion. "The Bureau of Prisons shall designate the place of [a federally convicted] prisoner's sentence . . . ." 18 U.S.C. §3621(b). It is the Attorney General—through the Bureau of Prisons—who has the authority to designate the place where a federally-convicted person is housed.

---

[1] The Bureau of Prisons has an office complex in Grand Prairie, Texas, which houses its Designation and Sentence Computation Center, its Human Resources Center and an acquisition office. The Grand Prairie facility does not house incarcerated persons. See www.bop.gov/locations/grand_prairie.

8

## VII. Conclusion

The court **ORDERS** that by the end of the day on **February 6, 2026**, the petitioner must pay the full $5 filing fee in Case No. 25-cv-815 or must file a motion for leave without prepaying the filing fee along with a six-month trust account statement. This means that the petitioner must either pay the filing fee or file his motion in time for the court to *receive it* by the above deadline. If the court does not receive the fee or the motion by the end of the day on February 6, 2026, the court will dismiss Case No. 25-cv-815 without further notice or hearing.

The court **ORDERS** that Case No. 25-cv-883 is **DISMISSED WITHOUT PREJUDICE** as duplicative of Case No. 25-cv-815. The clerk will enter judgment accordingly.

The court **ORDERS** that if, by the end of the day on **February 6, 2026**, the court has received either the $5 filing fee or a motion for leave to proceed without prepaying the filing fee, then by day's end on **February 27, 2026**, he must file an amended petition under 28 U.S.C. §2241 using this district's standard form; the court is including with this order a blank copy of that form. The petitioner **must not** file the amended petition until he has either paid the $5 filing fee or filed a motion to proceed without prepaying the filing fee and the court has ruled on that motion. Again, the petitioner must file the amended petition in time for the court to *receive* it by the end of the day on February 27, 2026. The petitioner must include in the amended petition all his allegations relating to the execution or duration of his sentence. As the court has

9

explained, if the petitioner wants to challenge the conditions of confinement, he must file a separate, civil lawsuit and pay the appropriate filing fee for that case.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motions to appoint counsel. Case No. 25-cv-815, Dkt. Nos. 12, 16; Case No. 25-cv-883, Dkt. No. 2.

The court **DENIES WITHOUT PREJUDICE** the petitioner's "SHOW-Cause Motion: Motion to Properly Calculate FSA. Motion to Expedite Supervised release that Director of BOP ordered between 2/12 & 2/14/25 & Sandstone denied w/out Merit." Case No. 25-cv-815, Dkt. No. 12.

The court **DENIES** the petitioner's "recommendation to leave Petitioner at Oxford or guarantee transfer to safe 'Non-Active' BOP facility." Case No. 25-cv-883, Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 19th day of December, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**